UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA WAHAB, *on behalf of herself and all others similarly situated*,

                 Plaintiffs,

v.

THE OIL BAR, LLC,

                 Defendant.

**ORDER**

24-cv-03156 (ER)

RAMOS, D.J.

Angela Wahab filed this putative class action against the Oil Bar, LLC on April 25, 2024. Doc. 1. The Oil Bar, LLC was served on June 18, 2024,. Doc. 5. On July 2, 2024, David Stein filed a notice of appearance on behalf of the Oil Bar, LLC, and a Rule 7.1 corporate disclosure statement. Docs. 6, 7. There was then no activity on the docket for the next 9 months. Accordingly, on April 11, 2025, the Court directed Wahab to submit a status letter by no later than April 18, 2025, and warned that failure to do so may result in a dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Doc. 8. No status letter was filed by April 18, 2025. For the reasons set forth below, the Court now dismisses Wahab's action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

I.     **LEGAL STANDARD**

Courts evaluating dismissal under Rule 41(b) must consider:

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,

> (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
> (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted).

## II.    DISCUSSION

In the instant case, each *LeSane* factor weighs in favor of dismissal. *First*, Wahab has not taken meaningful action to prosecute this case in over a year. A delay of one year in prosecuting a case "falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b). *Salem v. City of New York*, No. 16-cv-7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, Wahab was given clear notice that failure to respond to the Court's orders could result in dismissal. On April 11, 2025, the Court specifically warned her that failure to respond to submit a status letter by April 18, 2025 may result in a dismissal for failure to prosecute. Doc. 8.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210 (citation omitted). Because Wahab has failed to advance her case for over a year, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Wahab has not taken advantage of her "right to due process and a fair chance to be heard." *Id.* at 209 (citation omitted). "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts."

2

*Honsaker v. City of New York*, No. 16-cv-3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Holcombe v. Skupien*, No. 14-cv-1448 (PAC), 2014 WL 6879077, at *3 (S.D.N.Y. Dec. 5, 2014)).

*Fifth*, because Wahab has ignored a Court order and delayed this case for over a year, there are no weaker sanctions that could remedy her failure to prosecute this case. Dismissal is appropriate where, as here, a plaintiff "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17-cv-1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020) (citation omitted); *see also McNair v. Ponte*, No. 17-cv-2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses Wahab's case with prejudice. The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:  July 10, 2025
        New York, New York

_____
Edgardo Ramos, U.S.D.J.